**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

---

U.S. BANK NATIONAL ASSOCIATION, AS
TRUSTEE, AS SUCCESSOR-IN-INTEREST
TO BANK OF AMERICA, N.A.,
SUCCESSOR BY MERGER TO LASALLE
BANK NATIONAL ASSOCIATION, AS
TRUSTEE FOR THE REGISTERED
HOLDERS OF BEAR STEARNS
COMMERCIAL MORTGAGE SECURITIES
INC., COMMERCIAL PASS-THROUGH
CERTIFICATES, SERIES 2006-PWR14,

    Plaintiff,

    v.

ARMSTRONG TUCKERTON, LLC,

    Defendant.

Civil Action No. 12-3002 (MAS) (TJB)

**MEMORANDUM OPINION**

---

**SHIPP, District Judge**

    This commercial foreclosure action comes before the Court on the motion (ECF No. 19) of Plaintiff U.S. Bank National Association ("U.S. Bank") to dismiss counterclaims pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Defendant Armstrong Tuckerton opposes the motion and cross-moves to dismiss the Complaint. (ECF No. 22.) Having considered the parties' submissions, the Court resolves the motions without oral argument pursuant to Local Civil Rule 78.1.

**I.    Background**

    In August 2005, Defendant mortgaged a commercial property in Ocean County, New Jersey as security for a $6 million dollar loan. In the Complaint (ECF No. 1), U.S. Bank asserts it

obtained the note and mortgage by assignment in March 2012, and claims that Defendant defaulted on the loan "by virtue of various acts and failure to act, including, without limitation, its failure to make payment when due of amounts payable on account of the loan from December 1, 2011." (Compl. ¶¶ 14, 19.) As a consequence of the default, U.S. Bank asserts it is entitled to various remedies, including accelerated payment of the loan balance, penalties, and foreclosure of Defendant's interest in the property.

In its Answer and Counterclaim (ECF No. 11), Defendant claims that the so-called "default" was, in fact, the product of an oral agreement between itself and the original lender, Principal Life Insurance Company ("Principal Life"). The following is a summary of Defendant's version of the relevant events.

Defendant obtained the loan underlying this action to finance the construction of a shopping plaza. Just before the loan was finalized, Defendant received certain construction demands from the plaza's prospective "anchor tenants." (Ans. & Counterclaim, ¶ 5.) To assure compliance with the demands, Defendant and Principal Life entered into a Property Reserves Agreement ("PRA") that placed $750,000 of the loan proceeds in escrow. The PRA obligated Principal Life, upon completion of the construction, to disburse the escrow funds to Defendant or, in the event of default, apply them to any balance owed.

After the construction contemplated by the PRA was finished, but before Principal Life disbursed the entire balance of the funds in escrow, Defendant learned that it would have to make further improvements to the property. To finance the improvements, which were unrelated to the work required under the PRA, Defendant claims that it reached an oral agreement with Principal Life. Essentially, Principal Life agreed to apply a portion of the funds remaining in escrow to satisfy two of Defendant's monthly loan payments, permitting Defendant to finance the

2

construction with money that it would have otherwise used to make the payments. According to Defendant, the two payments it missed in reliance on this agreement with Principal Life constitute the "default" alleged in U.S. Bank's Complaint. Defendant claims that by disavowing the oral agreement with Principal Life, declaring a default, and asserting its right under the loan agreement to accelerated payment and various other penalties, U.S. Bank intends to realize a quick profit on its investment in the note and mortgage.

Defendant interposes thirteen counterclaims for various forms of legal and equitable relief. Counts I and II allege that U.S. Bank's refusal to release the remaining funds from escrow in accordance with the PRA amounts to breach of contract and breach of the implied covenant of good faith and fair dealing. Count III charges tortious interference with prospective economic advantage based on U.S. Bank's refusal to release the escrowed funds "and/or" use them to cover Defendant's alleged arrears. In Counts IV and V, Defendant asserts that the escrowed funds must be applied to its loan obligation pursuant to the doctrines of setoff, recoupment, and abatement. Count VI alleges that U.S. Bank's refusal to honor the oral agreement with Principal Life constitutes breach of an "accord and satisfaction/novation." Count VII prays for a judicial declaration that U.S. Bank lacks standing to collect on the note and mortgage. Count VIII demands an accounting of the funds remaining in escrow pursuant to the PRA.

## II.   Discussion

In considering a Rule 12(b)(6) challenge to a complaint or counterclaim, the court must determine whether the party asserting the claim has pled "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "The inquiry is not whether [the claimant] will ultimately prevail in a trial on the merits, but whether [he or she] should be

afforded an opportunity to offer evidence in support of [his or her] claims." *In re Rockefeller Ctr. Props., Inc.*, 311 F.3d 198, 215 (3d Cir. 2002).

At this early stage of a case, the court's inquiry is generally limited to "the allegations contained in the [pleadings], exhibits attached to the [pleadings,] and matters of public record." *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993) (citations omitted). The court may also consider an undisputedly authentic document attached to a motion to dismiss if it forms part of the basis for the challenged claim. *Pryor v. Nat'l Collegiate Athletic Ass'n*, 288 F.3d 548, 560 (3d Cir. 2002). The court may not, however, "rely on other parts of the record in making its decision." *New Skies Satellites, B.V. v. Home2US Commc'ns*, No. 13-0200, --- F. Supp. 2d ---, 2014 WL 1292218, at *4 (D.N.J. March 28, 2014) (internal quotation marks omitted).

### A. U.S. Bank's Motion

#### 1. Contractual Claims

U.S. Bank's fact-based challenge to the counterclaims for breach of contract and breach of the implied covenant of good faith goes well beyond the scope of the Rule 12(b)(6) inquiry. U.S. Bank's central contention – that Defendant failed to complete the improvements called for by the PRA and therefore was not entitled to release of the escrowed funds – presents a factual issue that cannot be resolved on the pleadings. Accordingly, U.S. Bank's motion is denied with respect to the contractual counterclaims.

#### 2. Tortious Interference

U.S. Bank asserts that the tortious interference counterclaim fails because Defendant does not identify a prospective economic advantage, or plausibly allege that U.S. Bank intentionally interfered with any such expectancy. According to U.S. Bank, the Answer and Counterclaim "merely states, without any supporting facts, that Plaintiff has acted intentionally and maliciously

4

to interfere with its business." (U.S. Bank's Br. 16, ECF No. 19-1.) The Court disagrees with this assessment. Read in the light most favorable to Defendant, the Answer and Counterclaim plausibly alleges that U.S. Bank has engaged in predatory behavior aimed at capturing the proceeds of Defendant's investment in the shopping plaza. Accordingly, Defendant will be permitted to proceed with its claim for tortious interference.

### 3.    Setoff/Recoupment

As noted previously, Count IV of the Answer and Counterclaim asserts that Defendant is entitled to setoff or recoup the funds remaining in escrow pursuant to the PRA. U.S. Bank contends that the doctrines of setoff and recoupment are inapplicable to this case because it has already subtracted the undisbursed funds from its claim against Defendant.

The doctrines of setoff and recoupment provide "analytically similar" methods of resolving reciprocal claims. *Goldwell v. KPSS, Inc.*, 622 F. Supp. 2d 168, 196 (D.N.J. 2009). "Setoff is a counterclaim arising from an independent claim that a party has against its adversary." *Id.* Recoupment assesses the parties' mutual liabilities arising from a single transaction. *See id.* ("Recoupment is the right of a party to have the adversary's monetary claim reduced due to a claim the party has against the adversary that arises out of the very contract underlying the party's claim.").

At this point in the litigation, the Court has no means of verifying U.S. Bank's claim that it has credited the escrowed funds to Defendant's debt. Because Defendant may be entitled to additional setoff or recoupment, U.S. Bank's motion to dismiss is denied with respect to Count IV.

### 4.    Accord and Satisfaction/Novation

Like Count IV, Count VI of the Answer and Counterclaim rests – or purports to rest – on a pair of conceptually-related common law doctrines. The first, accord and satisfaction, "is a substitute contract for settlement of a debt by some alternative other than full payment."

5

*Paramount Aviation Corp. v. Agusta*, 178 F.3d 132, 147 (3d Cir. 1999). Once a debtor has performed its obligation under a settlement agreement, accord and satisfaction serves as a "defense to any action [by a creditor] to enforce pre-existing claims." *Nevets C.M., Inc. v. Nissho Iwai Am. Corp.*, 726 F. Supp. 525, 536 (D.N.J. 1989). The second doctrine, novation, arises when a debtor and creditor enter into a new agreement that immediately discharges their obligations under a pre-existing contract. *Publicker Indus., Inc. v. Roman Ceramics Corp.*, 603 F.2d 1065, 1071 (3d Cir. 1979). "In a novation, the new promise itself satisfies the preexisting claims, whereas in an accord it is the performance of the new promise that does so." *Agusta*, 178 F.3d at 148. As methods of extinguishing pre-existing obligations, both doctrines are defensive by nature. *See* Fed. R. Civ. P. 8(c) (identifying accord and satisfaction as an "avoidance or affirmative defense"); *Publicker*, 603 F.2d at 1070 (describing "[n]ovation [as] an affirmative defense").

In this case, Defendant characterizes the alleged oral agreement with Principal Life as an "accord and satisfaction/novation," and seeks damages for U.S. Bank's "breach[ of] this accord and satisfaction/novation by failing and/or refusing to apply a portion of the escrowed Improvement Funds to the two months' of alleged Loan payment[s] not paid." (Ans. & Counterclaim ¶¶ 69-72.) Construed as an affirmative defense, Count VI is a non-sequitur: whatever impact the oral agreement had on the parties' rights under the PRA, Defendant has not plausibly alleged an accord or novation with respect the agreement underlying U.S. Bank's claims. Insofar as Defendant intended Count VI to plead a breach of contract claim distinct from the one advanced in Count I, it fails to provide sufficient notice in its current form. *Fair Wind Sailing, Inc. v. Dempster*, --- F.3d ---, 2014 WL 4358471, at *5 (3d Cir. Sept. 4, 2014) (affirming dismissal of claims for failure to meet notice pleading standard).

Accordingly, Defendant's motion is granted to the extent that Count VI is dismissed without prejudice. Defendant will have thirty days to seek leave to amend its Answer and Counterclaim in a manner consistent with this Opinion.

### 5. Remaining Counts

Having rejected U.S. Bank's challenge to Counts I-III, the Court also rejects U.S. Bank's contentions regarding Count V (abatement) and Counts VII-VIII (declaratory judgment and accounting).

### B. Defendant's Motion

Defendant's cross-motion to dismiss the Complaint is denied. Even if the Court were to accept Defendant's contention that U.S. Bank must prove damages in order to prevail in this action, dismissal at this juncture would be premature.

## III. Conclusion

For the foregoing reasons, U.S. Bank's motion to dismiss is granted to the extent that Count VI of the Answer and Counterclaim is dismissed without prejudice. Defendant may seek leave to file an amended pleading that comports with this Opinion within 30 days. U.S. Bank's motion is denied in all other respects. Defendant's cross-motion is also denied.

*/s/ Michael A. Shipp*
**Michael A. Shipp**
**United States District Judge**

**Dated:** September 19, 2014

7